IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROYAL SURPLUS LINES INSURANCE COMPANY**

    Plaintiff,

    v.                      CASE NO. 3:03cv419/RV

**DELTA HEALTH GROUP, INC.**

    Defendant.

_____/

## ORDER

Pending is the defendant's Motion for Consolidation (Doc. 34).

Plaintiff Royal Surplus Lines Insurance Company ("Royal") brought this action against defendant Delta Heath Group, Inc. ("Delta"). Delta has now moved to consolidate this case with another action [Case No. 3:05cv108/RV] recently filed in this court.

### I. FACTUAL BACKGROUND

Delta is a Delaware corporation that owns and operates a number of nursing homes in Mississippi, Alabama, and Florida. Royal is an insurance provider which in the late 1990's issued several insurance policies to Delta for its nursing homes. In May 2003, Royal filed this case against Delta based on two of these policies (KHN012679 and KHN014015), alleging that Delta had failed to maintain adequate underlying insurance and seeking declaratory relief interpreting provisions of the two

policies. The policies in question applied to Delta's facilities in the state of Mississippi. This case has proceeded through the discovery phase, with several extensions of the time to conduct discovery. The parties are currently set to complete all discovery in the case by May 15, 2005.

On March 25, 2005, Delta filed the other action against Royal based on two different insurance policies (KZW200091 and KZC521280), which applied to Delta's facilities in the state of Florida. In its complaint, Delta alleges that Royal had allocated percentages of liability over several different policies so as to reduce its indemnity obligations, collect multiple deductibles, and improperly share defense costs. Delta's complaint asserts two claims for declaratory relief, as well as two claims for breach of contract. Royal has yet to file a responsive pleading in the case. Delta has now moved to consolidate the two cases.

## II.  DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure provides that "When actions involving a common question of law or fact are pending before the court… it may order the actions consolidated." In deciding whether to grant a motion to consolidate, the court should ask "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Hendrix v. Raybestos-Manhattan, 776 F.2d 1492, 1495 (11th Cir. 1985). The court must also consider "the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiff's claims (including defenses thereto) are submitted to the jury for deliberation." Id. The decision of whether to grant a motion to consolidate is

committed to the sound discretion of the district court. <u>Young v. City of Augusta, Ga. through DeVaney</u>, 59 F.3d 1160 (11th Cir. 1995).

Beyond the fact that both cases involve insurance issues and the same parties, they do not appear to share common issues of law or fact. The cases involve different insurance policies, applicable in different states, which were purportedly violated in different ways. There is little danger, therefore, of the cases reaching inconsistent adjudications of common factual or legal issues. Discovery is virtually completed in the first case, so no time will be saved by having discovery in both cases conducted jointly. In any event, there are likely to be few common witnesses between the cases. Any savings in overall costs and time from consolidating the cases would probably be minor. On the other hand, consolidating the two cases would almost certainly delay resolution of the issues in the first case, which could be a significant burden for the parties, particularly since the case has been pending for two years and is just now completing discovery. Insurance claims can also tend to be complex, and since the two cases involve different policies and apparently different issues, consolidating the cases runs the risk of confusion for jurors, should the case go to trial. Given these factors, the case is not suitable for consolidation under Rule 42(a).

### III. CONCLUSION

For the above reasons, defendant's Motion to Consolidate (doc. 34) is DENIED.

DONE AND ORDERED this 26th day of April, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**