IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROYAL SURPLUS LINES**
**INSURANCE COMPANY,**
      **Plaintiff,**

vs.                                                   No. 3:03cv419/RV/MD

**DELTA HEALTH GROUP, INC,**
      **Defendant.**

_____

### ORDER

Before the court are a motion for protective order filed by plaintiff, Royal Surplus Lines Insurance Company ("Royal") (doc. 62), and three motions to compel filed by defendant Delta Health Group, Inc. ("Delta") (docs. 60, 65 and 68). Delta has responded to Royal's motion (doc. 75) and Royal has responded to Delta's motions (docs. 80-82). All relate to depositions of Royal employees taken in Atlanta on June 21 - 23, 2005.[1] The Royal witnesses, Elaine Thomas, Dick Strom, and Robert Orr, were questioned by Delta's counsel.

During the course of each deposition Delta's counsel began asking questions concerning Royal's claims handling during some of the various liability lawsuits brought against Delta over which Royal had, or was claimed to have had, coverage. Royal's counsel objected, raising relevancy, privilege, work product, and similar doctrines. According to her affidavit Royal's counsel called the court in an attempt to obtain a ruling on the questions being asked, but unfortunately neither the undersigned nor the district judge were available at the time.

---

[1] These depositions were scheduled with difficulty at the very end of several extensions of discovery and only after the undersigned intervened to force discovery to be concluded.

At the heart of this issue is the proper place for discovery concerning Royal's claims handling practices and related issues. This case is not about claims handling, however, but is solely about the formation of the contract at issue here. Indeed, Delta raised "bad faith" defenses in its original answer, but those defenses were stricken by the court (doc. 25). Later, Delta asked the court to consolidate this case with one recently filed by Delta against Royal. The latter suit involved claims handling issues on policies other than the policies at issue here. The court denied the motion to consolidate (doc. 39). The court reasoned that discovery in this case was nearly complete while the other case had just been filed, and that the cases involved different causes of action concerning different policies covering operations in different states.

Here Delta points out that Royal's counsel made her objections improperly, without showing any actual privilege, and without immediately seeking the court's intervention by written motion for protective order. No doubt counsel could have handled the situation differently, but she tried without success to reach the court during the depositions, and objected at every opportunity to prevent inquiry into the areas being explored by Delta's counsel. It is not necessary for the court to look closely at the form or exact wording of the objections, however. The questions clearly went to areas outside the scope of this case, a fact that was made evident to all counsel when the court struck Delta's affirmative defenses and refused to consolidate the cases. In short, questions of these witness may or may not be proper in the second case, but they are irrelevant here.

Accordingly, it is ORDERED as follows:

1. Royal's motion for protective order (doc. 62) is GRANTED.
2. Delta's motions to compel (docs. 60, 65 and 68) are denied.

DONE AND ORDERED at Pensacola, Florida this 9TH day of August, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**